JEREMY SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 2859-92
United States Tax Court
T.C. Memo 1994-378; 1994 Tax Ct. Memo LEXIS 391; 68 T.C.M. (CCH) 361; 94-2 U.S. Tax Cas. (CCH) P47,940; August 15, 1994, Filed *391 For petitioner: Jay Fetman. For respondent: William E. Bogner. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on respondent's motion under Rule 50 for entry of decision on a stipulated settlement. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. On December 6, 1991, respondent mailed to petitioner a notice of deficiency regarding petitioner's Federal income tax returns for 1986 and 1987 reflecting deficiencies, additions to tax, and additional interest as follows: Additional
Additions to Tax
Interest
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A) 6653(a)(1)(B) 6621(c) 1986
$ 8,605
$ 430 * **
1987
3,791
189 * **
* 50 percent of the interest due on the portion
of the underpayment attributable to negligence.
** 120 percent of the interest due on any substantial
underpayment attributable to a tax-motivated
transaction.
On February 7, 1992, petitioner filed a petition contesting each of the adjustments set forth in respondent's notice of deficiency. On March 22, 1993, a Stipulation of Settlement (Settlement) *392 was filed with the Court under which the adjustments set forth in respondent's notice of deficiency were settled. The settlement, however, of one adjustment relating to a claimed bad debt loss deduction was conditional -- namely, the settlement of the adjustment was dependent on petitioner's producing for respondent additional documents that petitioner alleged were in existence and that petitioner alleged would adequately substantiate the claimed bad debt loss deduction. On March 22, 1993, the Court granted the parties until May 21, 1993, to file a stipulated decision to give petitioner time to fulfill his obligation regarding the condition of the bad debt loss deduction settlement. As the transcript in this case indicates, the parties agreed that under this conditional settlement of the claimed bad debt loss deduction, if petitioner failed to produce the referred-to documents, petitioner would concede this adjustment. As of May 21, 1993, petitioner had not provided the alleged additional documents to substantiate the claimed bad debt loss deduction that was conditionally allowed under the Settlement. On May 25, 1993, respondent filed a status report with the Court indicating *393 that petitioner had requested, and that respondent was willing to allow, additional time to produce the alleged additional documents relating to the claimed bad debt loss deduction. By order of June 1, 1993, the Court granted petitioner an extension of time until July 20, 1993, to produce additional documents. Thereafter, petitioner provided to respondent certain documents, but those documents did not adequately substantiate the claimed bad debt loss deduction and thus did not satisfy the above-described condition of the Settlement regarding this adjustment. On September 20, 1993, we granted petitioner's request for yet a further extension, until October 29, 1993, for petitioner to provide the additional documents contemplated by the settlement of this adjustment and for the parties to file a final decision document. In spite of the continuances that were granted, petitioner failed to provide to respondent adequate documents or other substantiation relating to the claimed bad debt loss deduction. Accordingly, on October 20, 1993, respondent mailed to petitioner a proposed decision document that reflected the terms of the Settlement and that did not allow the claimed bad debt *394 loss deduction. Petitioner did not communicate with respondent regarding the proposed decision document, nor did petitioner return the decision document to respondent. On November 22, 1993, petitioner again requested an extension of time explaining that he had subpoenaed his bank to produce documents relevant to the claimed bad debt loss deduction but that the bank had not yet produced the documents. On November 23, 1993, respondent filed the present Motion for Entry of Decision. In the motion, respondent requests that we enter the proposed decision document mailed to petitioner on October 20, 1993, on the ground that petitioner has had more than adequate time to produce the alleged documents and to satisfy the condition on which the initial settlement of the claimed bad debt loss deduction was based. On December 10, 1993, petitioner objected to respondent's motion arguing simply that, with more time, the alleged additional documents could be produced. As of February 25, 1994, petitioner still had not produced the alleged additional documents, and a hearing was held regarding respondent's motion. At the hearing, the Court orally ordered petitioner to provide to respondent whatever *395 additional documents were necessary to satisfy the condition of the settlement of the alleged bad debt loss deduction and to file a status report with the Court by March 28, 1994. As of March 28, 1994, petitioner had failed to file the requested status report. Stipulations and settlements are interpreted in accordance with the intent of the parties. . In the instant motion, respondent is not asking the Court to set aside or to change the Settlement. Rather, respondent is merely asking the Court to enforce the Settlement agreement between petitioner and respondent according to its terms, to honor the condition agreed to with regard to the settlement of the claimed bad debt loss deduction, and, because petitioner has not provided additional documents substantiating the claimed bad debt loss deduction, to disallow the deduction. It is clear from the record that both parties intended that if petitioner failed to provide adequate documents to substantiate the claimed bad debt loss deduction, the deduction would not be included in the final computation of petitioner's tax liability *396 for 1986. What is not clear is the length of time the parties intended petitioner to have to attempt to obtain the alleged additional documents. The issue, therefore, to be decided in the context of respondent's motion for entry of decision, is one of judicial discretion (namely, whether additional continuances should be granted to give petitioner additional time to attempt to satisfy the condition associated with the settlement of this adjustment in petitioner's favor). It is not unreasonable for the Court to impose a time limit on petitioner in this case. "There must be a limit to the waste of time and expense to which a court must submit". . Nothing in the record suggests that unlimited continuances would be granted for petitioner to attempt to produce additional documents relating to the claimed bad debt loss deduction. Petitioner has failed to satisfy, within a reasonable time, the condition he agreed to with regard to the settlement of the claimed bad debt loss deduction in his favor, and we conclude that it is now appropriate to enforce the Settlement and to enter respondent's *397 proposed decision document under which the claimed bad debt loss deduction is not allowed. Rule 149(b). [1]
We conclude that further delay in this case would constitute an undue burden on the Court and on respondent. Respondent's Motion for Entry of Decision will be granted. An appropriate order and decision will be entered. Footnotes
1. Rule 149(b) states in part: Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party. Facts may be established by stipulation in accordance with Rule 91, but the mere filing of such stipulation does not relieve the party, upon whom rests the burden of proof, of the necessity of properly producing evidence in support of facts not adequately established by such stipulation. * * *↩